Guillermo A. Escobedo (SBN 206198)
gescobedo@constangy.com
Komal Jain (SBN 309827)
kjain@constangy.com
Anissa Elhaiesahar (SBN 354942)
aelhaiesahar@constangy.com
CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
550 West C Street, Suite 1400
San Diego, CA 92101
Telephone: (619) 605-6171

Attorneys for Defendant
HIREGENICS INC.

*(Additional counsel listed on next page)*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA GOMEZ, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HIREGENICS INC., a Delaware Corporation; ABBOTT LABORTORIES, an Illinois corporation, and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No.:  2:25-CV-03569-TLN-CKD<br><br>**JOINT STIPULATION TO SUBMIT PLAINTIFF'S CLAIMS TO ARBITRATION; AND ORDER**<br><br>Complaint filed:　　　November 5, 2025<br>Trial Date:　　　　　　N/A |

1

Onyebuchi Okeke (SBN 338730)
ookeke@lfecr.com
**LAWYERS FOR EMPLOYEE AND CONSUMER RIGHTS**
3500 West Olive Avenue, Third Floor
Burbank, CA 91505
Telephone: (323) 375-5101

Attorneys for Plaintiff
BRENDA GOMEZ


Justin T. Curley (SBN 233287)
jcurley@seyfarth.com
Steven Wong (SBN 293343)
stewong@seyfarth.com
**SEYFARTH SHAW LLP**
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone:     (415) 397-2823

Attorneys for Defendant
ABBOTT LABORATORIES

Plaintiff BRENDA GOMEZ, ("Plaintiff") on the one hand and Defendant HIREGENICS INC. ("HIREGENICS") and Defendant ABBOTT LABORATORIES ("ABBOTT") (HIREGENICS and ABBOTT collectively, "Defendants") (Plaintiff and Defendants collectively, the "Parties"), by and through their respective counsel, hereby submit the following Joint Stipulation and Proposed Order to stay this matter and proceed in arbitration.

WHEREAS, Plaintiff filed her Complaint on November 5, 2025, asserting various employment-related claims against Defendants for alleged violations of the California Labor Code, the Fair Employment and Housing Act ("FEHA") and the California Business and Professions Code §§ 17200, et seq. (the "Action");

WHEREAS, on or about December 9, 2025, Abbott filed an answer in state court;

WHEREAS, on or about December 10, 2025, HireGenics filed an answer in state court;

WHEREAS, on or about December 11, 2025, Abbot filed a Notice of Removal to the Eastern District of California;

WHEREAS, on or about December 11, 2025, Plaintiff's counsel informed counsel for Abbot that Plaintiff is agreeable to stipulate to arbitration;

WHEREAS, on December 12, 2025, HireGenics filed a Consent to Removal and Joinder in Notice of Removal of Action by co-defendant Abbott;

WHEREAS, in the interests of judicial economy along with the mutual desire to preserve the Court's resources, the Parties stipulate to proceed in arbitration;

WHEREAS, this Stipulation is not made to cause any unwarranted or unnecessary delay to these proceedings;

WHEREAS, none of the Parties will be prejudiced by the Court granting this Stipulation;

NOW THEREFORE, the Parties, through their respective counsel, hereby agree and stipulate to the following:

1. Plaintiff executed an arbitration agreement on October 21, 2022 with HireGenics, which is attached hereto as Exhibit A;

2. The Parties agree that the claims alleged in the Complaint against Defendants are subject binding arbitration with a mutually agreeable arbitrator, using the JAMS Employment Arbitration Rules & Procedures;

3. Defendant Abbott is a third-party beneficiary to the arbitration agreement attached as <u>Exhibit A</u>;

4. The Action present in the Federal Court shall be stayed;

5. The Parties agree that the arbitration proceeding shall fully comply with the requirements of *Armendariz v. Foundation Health* (2000) 24 Cal.4th 83, in that the arbitration shall: (a) provide a neutral arbitrator; (b) allow sufficient discovery; (c) provide all types of relief available to Plaintiff that otherwise would be available in court; (d) provide a written arbitration award given by the arbitrator; and (e) require Defendants to pay all arbitrator's fees and all costs unique to arbitration to the full extent of its legal duty to do so, pursuant to *Armendariz, supra,* 24 Cal.4th 102, 108-109;

6. This entirety of Plaintiff's claims against Defendants will proceed in its entirety in arbitration, and the Parties will be permitted to engage in discovery as agreed to by the Parties, and/or as permitted by the arbitrator;

7. This Court shall retain jurisdiction of this matter to enforce the Stipulation to Arbitrate this matter, to enforce any arbitration award, and to perform any other roles as permitted by applicable law, and;

**THEREFORE,** the Parties respectfully request that the Court, under California *Code of Civil Procedure* § 1280, *et seq.,* order the Action to be immediately stayed pending submission to binding arbitration as consistent with the provisions set forth in this Stipulation

**IT IS SO STIPULATED.**

DATED: <u>January 5, 2026</u>                        CONSTANGY, BROOKS,
                                                      SMITH & PROPHETE, LLP

                                        By:    *s/ Komal Jain*
                                               Guillermo A. Escobedo
                                               Komal Jain

2

CASE NO. 2:25-CV-03569-TLN-CKD
JOINT STIP TO ARBITRATE; ORDER

|   |   |
|---|---|
|   | Anissa Elhaiesahar |
|   | Attorneys for Defendant<br>HIREGENICS INC. |
| DATED: 12/31/2025 | LAWYERS FOR EMPLOYEE AND CONSUMER RIGHTS |
|   | By: _____*s/ \*Onyebuchi Okeke*_____<br>Onyebuchi Okeke |
|   | Attorneys for Plaintiff<br>BRENDA GOMEZ |
| DATED: January 5, 2026 | SEYFARTH SHAW LLP |
|   | By: _____*s/ \*Justin T. Curley*_____<br>Justin T. Curley<br>Steven Wong |
|   | Attorneys for Defendant<br>ABBOTT LABORATORIES |

**ORDER**

Based on the foregoing Joint Stipulation of the Parties, and the subject arbitration agreements, and good cause having been shown, **IT IS HEREBY ORDERED**:

1. All of Plaintiff's claims against all of the Defendants asserted in Plaintiff's Complaint be submitted to binding arbitration;

2. The entirety of this Action shall be stayed pending the completion of the arbitration proceedings; and

3. This Action, and all claims asserted therein, shall be stayed pending the results of the Parties' arbitration, as required by the Federal Arbitration Act, 9 U.S.C. § 3.

**IT IS SO ORDERED.**

Date: January 7, 2026

_____
Troy L. Nunley
Chief United States District Judge